NUMBER 13-02-567-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
JOSE LUIS MORENO RANGEL,                                                  Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 93rd District Court
of Hidalgo County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo

                             Opinion by Chief Justice Valdez
          This is an appeal of the trial court’s decision granting the State’s motion to revoke
appellant Jose Luis Rangel’s community supervision. In three issues, appellant asserts 
the trial court’s decision is improper as (1) the State failed to exercise due diligence in filing
the motion to revoke and in serving appellant with capias; (2) the doctrine of estoppel
should apply to preclude introduction of evidence of his prior positive drug tests; and (3)
appellant’s counsel was ineffective. We affirm. 
I. Factual and Procedural Background
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite the facts here except as necessary to advise the parties of the Court’s decision
and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Analysis
1. Due Diligence
          In his first issue, appellant asserts the State failed to exercise due diligence in filing
its motion to revoke and in serving appellant with capias. However, the record does not
show and appellant admits he did not raise this issue in the trial court. Thus, the issue is
not properly before this Court. See Mulder v. State, 707 S.W.2d 908, 914-15 (Tex. Crim.
App. 1986); Wade v. State, 83 S.W.3d 835, 837-38 (Tex. App.–Texarkana 2002, no pet.). 
We accordingly overrule appellant’s first issue.



2. Estoppel
          In his second issue, appellant asserts the estoppel doctrine should apply to prevent
the State from introducing evidence of his prior positive drug tests for marijuana and
cocaine. However, appellant failed to provide citation to authority demonstrating
application of the estoppel doctrine in a criminal context. Thus, appellant has waived his
right to our review of this issue. See Tex. R. App. P. 38.1(h) (“Brief must contain a clear
and concise argument for the contentions made, with appropriate citations to authorities
and to the record."); Lockett v. State,16 S.W.3d 504, 505 n.2 (Tex. App.–Houston [1st
Dist.] 2000, pet. ref'd) (holding that conclusory statement supported by neither argument
nor authority presents nothing for review). We accordingly overrule appellant’s second
issue. 
3. Ineffective Assistance of Counsel 
          In his final issue, appellant asserts he was denied his Sixth Amendment right to
effective assistance of counsel. Appellant’s contention is based on his trial counsel’s
failure to (1) object to the admission of evidence regarding his prior positive drug tests; (2)
object to admission of evidence of his conviction in another state; and (3) properly raise
the due diligence issue. 
Standard of Review
          We examine ineffective assistance of counsel claims by the standard set out in
Strickland v. Washington, 466 U.S. 668 (1984). See Hernandez v. State, 726 S.W.2d 53,
55 (Tex. Crim. App. 1986). It is appellant's burden to show by a preponderance of the
evidence that (1) trial counsel's performance was deficient in that it fell below the prevailing
professional norms, and (2) the deficiency prejudiced the defendant; that is, but for the
deficiency, there is a reasonable probability that the result of the proceeding would have
been different. See Mallett v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001);
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Our review of counsel's
representation is highly deferential and presumes counsel's actions fell within a wide range
of reasonable professional assistance. See Mallett, 65 S.W.3d at 63. It is appellant's
burden to prove, by a preponderance of the evidence, that there is no plausible
professional reason for a specific act or omission. See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).
          A substantial risk of failure accompanies a claim of ineffective assistance of counsel
on direct appeal because the record is generally underdeveloped and cannot adequately
reflect the failings of trial counsel. See Thompson, 9 S.W.3d at 814; McCullough v. State,
116 S.W.3d 86, 92 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd.). Therefore, it is
critical that the defendant make the necessary record in the trial court to rebut the
Strickland presumption that counsel's conduct was strategic. See Thompson, 9 S.W.3d
at 814; McCullough,116 S.W.3d at 92. This kind of record is best developed in a hearing
on a motion for new trial, or by application for a writ of habeas corpus. See Jackson v.
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam); McCullough, 116 S.W.3d
at 92. Without evidence of the strategy and methods involved concerning counsel's
actions at trial, the court will presume sound trial strategy. See Thompson, 9 S.W.3d at
814.
Analysis
          In the instant case, the record does not contain any evidence of the strategy and
methods involved concerning counsel’s actions at trial. Thus, we must assume that trial
counsel's actions fell within the wide range of reasonable professional assistance and/or
sound trial strategy. See id. We therefore overrule appellant’s third issue.



III. Conclusion
          We affirm the judgment of the trial court. 
 

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b). 

Memorandum Opinion delivered and filed
this 7th day of April, 2005.